Ahren A. Tiller Esq. [SBN: 250608]
Bankruptcy Law Center, APC
1230 Columbia St., Ste 1100
San Diego, CA 92101
Phone (619) 894-8831
Facsimile: (866) 444-7026

Attorneys for Plaintiff
IRENE WILLIAMS

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRENE WILLIAMS,<br><br>            Plaintiff,<br><br>      vs.<br><br>BANK OF AMERICA, N.A. , and DOES 1-10, inclusive<br><br><br>            Defendant(s), | Case No.: **'18 CV 0394 W   AGS**<br><br>COMPLAINT FOR DAMAGES FOR VIOLATIONS FOR OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (CAL. CIV. CODE §§ 1788-1778.32); AND VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. §227)<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

## <u>INTRODUCTION</u>

1. IRENE WILLIAMS (hereinafter referred to as "Plaintiff"), by and through her Counsel of record, brings this action against BANK OF AMERICA, N.A. (hereinafter referred to as "BOFA" or "Defendant"), and DOES 1-10, inclusive, (hereinafter referred to collectively as "Defendants") pertaining to actions by

Defendant(s) to unlawfully collect a debt allegedly owed by Plaintiff through the use of an Automated Telephone Dialing System and/or Artificial or Prerecorded Voice in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA" (CAL. CIV. CODE §§ 1788-1788.32), thereby invading Plaintiff's privacy, and causing Plaintiff damages.

2.  The California legislature determined that unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system.  The legislature further determined there is a need to ensure that debt collectors and debtors exercise their responsibilities to one another with fairness, honesty, and due regard for the rights of others.  The legislature's explicit purpose of enacting the Rosenthal Fair Debt Collection Practices Act of California (hereinafter "RFDCPA") was to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts, and to require debtors to act fairly in entering into and honoring such debts.[1]

3.  The Telephone Consumer Protections Act ("TCPA") was designed to prevent calls like the ones described within this Complaint, and to protect the privacy of citizens like Plaintiff.  "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs.*, LLC, 132 S. Ct. 740, 744 (2012).

4.  In enacting the TCPA, Congress specifically found that "the evidence presented to Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call . . ." *Mims,* 132 S. Ct., at 744.

---

[1] CA Civil Code §§ 1788.1(a)-(b)

5.  As Judge Easterbrook of the Seventh Circuit explained in a TCPA case regarding calls similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.
>
> *Soppet v. Enhanced Recovery Co., LLC,* 679 F.3d 637, 638 (7th Cir. 2012).

6.  Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## **JURISDICTION AND VENUE**

7.  This action is based on Defendants' violations of the RFDCPA which is found in California Civil Code §§ 1788 - 1788.32; and the TCPA which is found in Title 47 of United States Code Section § 227, et. seq.

8.  This Court has jurisdiction over each Defendant, pursuant to 28 U.S.C. § 1331, as the unlawful practices alleged herein involve a federal question under the TCPA.

9.  Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b)(1)-(2), because all or some of the unlawful practices and violations of law alleged herein occurred and are occurring in the County of San Diego, California.  Furthermore, Defendants regularly conduct business within State of California, County of San Diego, and Plaintiff resides in San Diego County, California.

## **PARTIES**

10. Plaintiff is, and was at all times mentioned herein, a natural person residing in the County of San Diego, in the State of California.

11. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and therefore Plaintiff is a "debtor" as that term is describe by Cal Civ. Code §1788.2(h).

12. On information and belief, Plaintiff alleges that Bank of America National Association ("BANK OF AMERICA, N.A." and/or "BOFA"), operates as a National Bank.  BOFA accepts deposits, makes consumer loans, and provides other financial and investment services for the public.  BOFA is, and at all times mentioned herein was chartered as a national bank, with its primary business address in Charlotte, North Carolina, and doing business throughout the country, including the Southern District of California (i.e. San Diego County, California). A significant portion, if not a majority, of BOFA's business operations are dedicated to servicing debts, including consumer credit card debt.  Part of BOFA's regular business practice is to make repeated phone calls to persons it believes responsible for paying past-due consumer debts.

13. Defendant BOFA, and at all times mentioned herein was a corporation and a "person," as defined by 47 U.S.C. §153(39).

14. Defendant BOFA regularly attempts to collect through the use of mails, electronic communication, and telephone, "consumer debts" allegedly owed to it, as that term is defined by Cal. Civ. Code §1788.2(f).

15. Defendant BOFA collects debts on behalf of itself for defaulted consumer loans and credit cards, and other similar obligations.  Defendant BOFA collects on those consumer debts owed to it through the mail, electronic communication, and the telephone.  Therefore, Defendant BOFA is a "debt collector" as that term is

defined by Cal. Civ. Code §1788.2(c), and engages in "debt collection" as that term is defined by Cal. Civ. Code §1788.2(b).

16. At all times relevant hereto, Defendants used, controlled and or operated an "automatic telephone dialing system" ("ATDS") as that term is defined by 47 U.S.C. § 227(a)(1) and used said ATDS and/or an automated or Prerecorded Voice ("Recorded Voice") as that term is defined in 47 U.S.C. 227(b)(1)(A), to make collection calls to Plaintiff.

17. This case involves money, property, or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction.  This action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code §1788.2(f).

## GENERAL ALLEGATIONS

18. On or about May 20, 2016, Plaintiff opened a Flexible Spend Credit Card account with BOFA ("BOFA Charge Account").

19. On or about July 1, 2017, due to financial hardships, Plaintiff went into default upon the BOFA Charge Account referenced above.   Due to her financial hardship and inability to maintain her ongoing monthly debt obligations, Plaintiff retained Bankruptcy Law Center, APC to represent her regarding the defaulted BOFA Charge Account.

20. On August 14, 2017, Plaintiff's Counsel sent a letter directing Defendant BOFA to cease and desist from calling Plaintiff regarding the BOFA Charge Card Account, pursuant to the RFDCPA.

21. The August 14, 2017 Cease and Desist Letter sent by Plaintiff's Counsel to BOFA was sent via facsimile to fax number: (336)-297-2832.

22. The phone number: (336)-297-2832 is a facsimile number owned, operated or accessible by BOFA.

*Williams v. BANK OF AMERICA, N.A. , et. al., - Complaint for Damages*

23. BOFA received the Cease and Desist Letter via facsimile on August 14, 2017 via facsimile.  A true and correct excerpt of the Cease and Desist letter is listed below:



| | 1230 Columbia St., Ste 1100 | |
|---|---|---|
| Brian J. McGoldrick, Esq. | San Diego, CA 92101 | Scott N. Orona, Esq. |
| Ahren A. Tiller, Esq. | Ph.: 619-894-8831 | Brett F. Bodie, Esq. |
| Carolina K. Tiller, Esq. | Fax: 866-444-7026 | Anika M. Renaud-Kim, Esq. |
| | www.blc-sd.com | |

August 14, 2017

**SENT VIA FACSIMILE TO:**

Bank of America (336) 297-2832

**Re: Irene Williams (x6138)**

TO WHOM IT MAY CONCERN:

Please be advised that Mrs. Irene Williams has retained Bankruptcy Law Center, APC to represent her with respect to any debt(s) with Bank of America, end creditor communications.

Demand is now made pursuant to Cal. Civ. Code §§ 1788.14 and 1788.17 via 15 U.S.C. § 1692 that you cease and desist any and all future communications on any and all accounts associated with Mrs. Williams. This letter constitutes written notice pursuant to Cal. Civ. Code §§ 1788.14(c) that Irene Williams is represented by Bankruptcy Law Center, APC with respect to any debt allegedly owed to Bank of America and request is hereby made that all communications regarding this alleged consumer debt shall be directed exclusively to Bankruptcy Law Center, APC subsequent to 08/14/2017. In the event you are unfamiliar with Cal. Civ. Code §§ 1788.14(c), the relevant text of the Cal. Civ. Code §§ 1788.14(c)is below:

1788.14. No debt collector shall collect or attempt to collect a consumer debt by means of the following practices:

> *(c) Initiating communications, other than statements of account, with the debtor with regard to the consumer debt, when the debt collector has been previously notified in writing by the debtor's attorney that the debtor is represented by such attorney with respect to the consumer debt and such notice includes the attorney's name and address and a request by such attorney that all communications regarding the consumer debt be addressed to such attorney, unless the attorney*

*fails to answer correspondence, return telephone calls, or discuss the obligation in question. This subdivision shall not apply where prior approval has been obtained from the debtor's attorney, or where the communication is a response in the ordinary course of business to a debtor's inquiry.*

Be advised that you are additionally prohibited from any contact, directly or indirectly, with any employer, family member, friend, neighbor, or other creditor of our client.

Since you have now been formally noticed as required by law, any future communications in any form with our client, without express written consent will constitute willful violations of either the FDCPA and/or the RFDCPA and may subject Bank of America to actual damages, statutory penalties, attorney fees, and costs.

Please feel free to direct any questions or concerns to the undersigned.

Ahren A. Tiller
Attorney At Law
Consumer Bankruptcy Law Specialist
American Board of Certification

24. In said Cease and Desist Letter referenced in paragraph 23 above, Plaintiff specifically revoked any previously provided consent to contact Plaintiff via any means, which included her cell phone through the use of an Automated Telephone Dialing System ("ATDS") as that term is defined in 47 U.S.C. §227(a)(1), and/or an artificial and/or prerecorded voice ("Recorded Voice") as that term is defined in 47 U.S.C. §227(b)(1)(A).

25. Despite Plaintiff's clear request in writing for Defendant BOFA to cease calling Plaintiff's cell phone, and her clear revocation of any and all consent to call her via an ATDS and/or Recorded Voice, BOFA has called Plaintiff's cellular telephone repeatedly through the use of an ATDS and/or Recorded Voice, often 1-

5 times per day almost every day since, in violation of both the RDFCPA and TCPA.

26.  In August and September of 2017, Plaintiff answered the telephone calls by BOFA multiple times and informed BOFA's representatives orally that she had retained counsel and revoked any prior consent to call her cell phone via an ATDS and/or recorded message and/or automated voice.   Despite the August 14, 2017 letter from Counsel and Plaintiff's multiple oral requests to cease calling, BOFA's collection calls to Plaintiff continued unabated.

27. Therefore, on November 17, 2017, Plaintiff's counsel sent out a Second Cease and Desist letter to BOFA via facsimile.  In said November 17, 2017 Second Cease and Desist letter, Plaintiff's Counsel once again informed BOFA that Plaintiff was represented by counsel and therefore BOFA should cease calling her pursuant to the RFDCPA, and also in said letter specifically revoked any prior consent to call Plaintiff through the use of an ATDS and/or Recorded Voice.

28. The November 17, 2017 Cease and Desist Letter sent by Plaintiff's Counsel to BOFA was sent via facsimile to two additional fax numbers owned and operated by BOFA: (980)-386-6699, and (312)-987-5614.

29. These two alternative phone numbers: (980)-386-6699, and (312)-987-5614 are facsimile phone numbers owned, operated or accessible by BOFA.

30. BOFA received the Cease and Desist Letter via facsimile on August 14, 2017 via facsimile.  A true and correct copy of the facsimile confirmation excerpt is listed below:

| 476894923 | 11/17/17 12:31 | 19803866699 | 1:16 | 2 | Williams, Ire Bank of America | atiller@blc-sd.com | Completed |

31. A true and correct excerpt of the November 17, 2017 Second Cease and Desist letter sent via facsimile to BOFA by Plaintiff's Counsel is listed below:



**B L C**
**LAW CENTER**
A Professional Corporation

Brian J. McGoldrick, Esq.
Ahren A. Tiller, Esq.
Carolina K. Tiller, Esq.

1230 Columbia St., Ste 1100
San Diego, CA 92101
Ph.: 619-894-8831
Fax: 866-444-7026
www.blc-sd.com

Scott N. Orona, Esq.
Brett F. Bodie, Esq.
Anika M. Renaud-Kim, Esq.

November 17, 2017

*SENT VIA FACSIMILE TO:*

*Bank of America 980-386-6699 / 312-987-5614*

*Re: Irene Williams (Last 4 SSN x6138)*

TO WHOM IT MAY CONCERN:

Please be advised that Irene Williams has retained Ahren A. Tiller, Esq. to represent her with respect to any debt(s) with Bank of America and end creditor communications.

Demand is now made pursuant to Cal. Civ. Code §§ 1788.14 and 1788.17 via 15 U.S.C. § 1692 that you cease and desist any and all future communications on any and all accounts associated with Ms Williams. This letter constitutes written notice pursuant to Cal. Civ. Code §§ 1788.14(c) that Ms Williams is represented by Bankruptcy Law Center, APC with respect to any debt allegedly owed to or serviced by Bank of America, and request is hereby made that all communications regarding this alleged consumer debt shall be directed exclusively to Ahren A. Tiller, Esq. subsequent to today. In the event you are unfamiliar with Cal. Civ. Code §§ 1788.14(c), the relevant text of Cal. Civ. Code §§ 1788.14(c) is below:

1788.14. No debt collector shall collect or attempt to collect a consumer debt by means of the following practices:

*(c) Initiating communications, other than statements of account, with the debtor with regard to the consumer debt, when the debt collector has been previously notified in writing by the debtor's attorney that the debtor is represented by such attorney with respect to the consumer debt and such notice includes the attorney's name and address and a request by such attorney that all communications regarding the consumer debt be addressed to such attorney, unless the attorney*

1

*fails to answer correspondence, return telephone calls, or discuss the obligation in question. This subdivision shall not apply where prior approval has been obtained from the debtor's attorney, or where the communication is a response in the ordinary course of business to a debtor's inquiry.*

Be advised that you are additionally prohibited from any contact, directly or indirectly, with any employer, family member, friend, neighbor, or other creditor of our client.

Please also be advised that if it was not already clear, any alleged consent given by our Client to be contacted by you in any way is hereby revoked. If you are using an auto dialer or similar device, this is express revocation of any prior consent to be contacted by phone, text, or other method.

Since you have now been formally noticed as required by law, any future communications in any form with our client, without express written consent will constitute willful violations of either the FDCPA and/or the RFDCPA and may subject Bank of America to actual damages, statutory penalties, attorney fees, and costs.

Please feel free to direct any questions or concerns to the undersigned.

Ahren A. Tiller
Attorney At Law
Consumer Bankruptcy Law Specialist
American Board of Certification

32. Despite the November 17, 2017 Second Cease and Desist Letter and oral revocation of consent to call Plaintiff, Defendant BOFA has continued calling plaintiff in violation of the RFDCPA and TCPA often 1-5 times per day, almost every single day for over 6 months.

33. On February 2, 2018, Plaintiff's Counsel sent a Third Cease and Desist Letter to BOFA. This third cease and desist letter was sent to BOFA via facsimile using a publicly available fax number owned by BOFA.

34. The February 2, 2018 Cease and Desist Letter sent by Plaintiff's Counsel to BOFA was sent via facsimile to two fax numbers owned and operated by BOFA: (980)-386-6699, and (312)-987-5614.

35. BOFA received the Cease and Desist Letter via facsimile on February 2, 2018 via facsimile.  A true and correct copy of the facsimile confirmation excerpt is listed below:

| 02/02/2018 03:58 PM | 19803866699 | 01:22 | 2 | | Williams, Irene | BofA | atiller@blc-sd.com | Completed |
|---|---|---|---|---|---|---|---|---|

36. A true and correct excerpt of the February 2, 2018, Third Cease and Desist Letter sent by Plaintiff's Counsel to BOFA is listed below:



Brian J. McGoldrick, Esq.
Ahren A. Tiller, Esq.
Carolina K. Tiller, Esq.

1230 Columbia St., Ste 1100
San Diego, CA 92101
Ph.: 619-894-8831
Fax: 866-444-7026
www.blc-sd.com

Scott N. Orona, Esq.
Brett F. Bodie, Esq.
Anika M. Renaud-Kim, Esq.

February 2, 2018

**SENT VIA FACSIMILE TO:**

*Bank of America 980-386-6699 / 312-987-5614*
*Re: Irene Williams (Last 4 SSN x6138)*
*Last 4 of Acct No: (x2044)*

TO WHOM IT MAY CONCERN:

　　Our Client Irene Williams has already informed you in writing and verbally on multiple occasions that she has retained Bankruptcy Law Center, APC. to represent her with respect to any debt(s) with Bank of America and end creditor communications. Despite this, Bank of America continues to call her daily and fill her voicemail with messages.

　　Demand is once again made pursuant to Cal. Civ. Code §§ 1788.14 and 1788.17 via 15 U.S.C. § 1692 that you cease and desist any and all future communications on any and all accounts associated with Ms Williams. This letter constitutes written notice pursuant to Cal. Civ. Code §§ 1788.14(c) that Ms Williams is represented by Bankruptcy Law Center, APC with respect to any debt allegedly owed to or serviced by Bank of America, and request is hereby made again that all communications regarding this alleged consumer debt shall be directed exclusively to Ahren A. Tiller, Esq. subsequent to today. In the event you are unfamiliar with Cal. Civ. Code §§ 1788.14(c), the relevant text of Cal. Civ. Code §§ 1788.14(c) is below:

1788.14. No debt collector shall collect or attempt to collect a consumer debt by means of the following practices:

*(c) Initiating communications, other than statements of account, with the debtor*
*with regard to the consumer debt, when the debt collector has been previously*
*notified in writing by the debtor's attorney that the debtor is represented by such*
*attorney with respect to the consumer debt and such notice includes the attorney's*
*name and address and a request by such attorney that all communications*
*regarding the consumer debt be addressed to such attorney, unless the attorney*

1

*fails to answer correspondence, return telephone calls, or discuss the obligation in question. This subdivision shall not apply where prior approval has been obtained from the debtor's attorney, or where the communication is a response in the ordinary course of business to a debtor's inquiry.*

Also, Ms. Williams has previously expressly revoked consent to call her cellular phone number (619-417-6619) in any form, including via use of an Automated Telephone Dialing System or using a pre-recorded voice. This revocation is specifically intended to comply with revoking any alleged consent given pursuant to 47 U.S.C. 227 et. seq.

Despite the repeated notices, Bank of America continues to unlawfully call Ms. Williams.

If it was not already clear, any alleged consent given by our Client to be contacted by you in any way is hereby revoked for at least the third time. If you are using an auto dialer or similar device, this is additional express revocation by Irene Williams of any alleged prior consent to be contacted by phone, text, or other method.

As discussed previously any future communications in any form with our client, without express written consent will constitute willful violations of either the FDCPA and/or the RFDCPA and may subject Bank of America to actual damages, statutory penalties, attorney fees, and costs.

Please feel free to direct any questions or concerns to the undersigned.

Ahren A. Tiller
Attorney At Law
Consumer Bankruptcy Law Specialist
American Board of Certification

37. Despite the three (3) Cease and Desist Letters, BOFA and its representatives and/or agents continue to call Plaintiff incessantly to this day.

38. In said letters Plaintiff's Counsel provided Plaintiff's name, the last four digits of her social security number, the last four digits of her account number, and even referenced her cell phone number. In the Cease and Desist Letter, Plaintiff's Counsel further explained that demand was being made pursuant to Cal. Civ. Code §1788.14(c), that all further communication with Plaintiff cease and that any

future communication be exclusively sent to Plaintiff's Counsel.   The letter revoked consent to contact Plaintiff by any fashion, which included via calling her with the use of an Automated Telephone Dialing System and/or Recorded Voice.

39. Despite three (3) letters, and multiple oral notices to cease calling Plaintiff, Defendant BOFA has called Plaintiff's cellular telephone approximately 200 times since August 14, 2017.

40. On multiple occasions in August and September of 2017, Plaintiff picked up these collection calls from BOFA and informed a representative of BOFA that Plaintiff had retained counsel and wished for them to cease calling her.  In said telephone calls, Plaintiff orally revoked any prior consent to call Plaintiff via the use of an ATDS and/or Recorded voice.   Despite said telephone calls, BOFA continued to call Plaintiff, sometimes as frequently as 5 times per day.

41. On information belief, BOFA, or its agents or representatives, contacted Plaintiff on her cellular telephone over 200 times from August 14, 2017 through February 21, 2018, through the use of an ATDS and/or Recorded voice as those terms are defined in 47 U.S.C. § 227(a)(1) and/or 47 U.S.C. § 227(b)(1)(A).

42. These collection calls were made using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers, and was therefore an automatic telephone dialing system ("ATDS") as that term is defined by 47 U.S.C. § 227(a)(1).

43. As is evidenced by the frequency and rapid succession of the call times and dates, the ATDS computer software automatically called the Plaintiff at certain times from random numbers, usually multiple times a day with varying call times.

44. Further, a majority of these calls contained an Artificial or Recorded Voice ("Recorded Voice") message as that term is defined in 47 U.S.C. 227(b)(1)(A).

45. BOFA left multiple recorded voicemail messages on Plaintiff's cellular telephone.  BOFA left multiple prerecorded messages that began with music, and then a recorded message with a female voice stating,

> *"This is Bank of America, following up on an important servicing matter for Irene Williams* [*Automated Computer Voice stated Plaintiff's name]*.  Please have them call us today at 888-800-2513, again that number is 888-800-2513, or they can visit us at www.bankofamerica.com.  Thank you for your time and courtesy."*

46. BOFA's calls to Plaintiff after receiving receipt of the August 14, 2017 Cease and Desist Letter contained an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).  The Plaintiff's three (3) Cease and Desist Letters dated August 14, 2017; November 17, 2017; and February 2, 2018 respectively, expressly revoked Defendant's consent to call Ms. Williams via an ATDS and/or Recorded Voice.

47. Additionally, Plaintiff revoked BOFA's alleged consent to call her cellular phone orally on multiple occasions.

48. The multiple calls made by Defendant or its agents after August 14, 2017, were therefore made in violation of 47 U.S.C. § 227(b)(1).

49. Plaintiff has received so many collection calls by Defendant that her voicemail has repeatedly filled up, preventing Plaintiff from receiving other important messages and incurring actual charges as a result of her cell phone plan.

50. Upon information and belief, BOFA regularly makes autodialed telephone calls with Recorded Voices in order to collect on its claims.

51. Upon information and belief, BOFA's telephone equipment has the capacity to

store or produce telephone numbers to be called, using a random or sequential number generator.

52. Upon information and belief, the telephone equipment used by BOFA to place the calls at issue have the capacity to dial telephone numbers automatically from a stored list or database without human intervention, using a random or sequential number generator.

53. BOFA's collection calls to Plaintiff describe herein, were not made for emergency purposes, as defined by 47 U.S.C. § 227(b)(1)(A).

54. BOFA's collection calls to Plaintiff describe herein, were not made solely for the purpose of collecting upon a debt owed to or guaranteed by the Federal Government.

55. BOFA placed the collection calls described herein to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

56. BOFA's aforementioned conduct personally affected Plaintiff, as Plaintiff was frustrated and distressed that BOFA repeatedly interrupted Plaintiff with unwanted call using an ATDS and/or Recorded Voice for collection purposes.

57. Through BOFA's aforementioned conduct, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

58. BOFA's calls forced Plaintiff to live without the utility of her cellular phone by occupying her cellular telephone with multiple unwanted calls, causing a severe nuisance and lost time.

59. BOFA continues to call and harass Plaintiff despite written instructions that she has retained counsel and to cease all further contact with Plaintiff.

60. In total, Plaintiff has received at minimum over 200 collection calls from BOFA through the use of an ATDS and/or Recorded Voice after BOFA was notified on

August 14, 2017, in writing, two (2) more subsequent times in writing (November 17, 2017 and February 2, 2018), and also orally instructing Plaintiff to cease all further contact and revoking consent to call her via the use of an ATDS or Recorded Voice.

61. As a result of BOFA's relentless and harassing collection calls and letters, Plaintiff has experienced anger and disbelief, and feelings of powerlessness, which have resulted in a loss of sleep, loss of appetite, headaches, anxiety and panic attacks, feelings of hypervigilance, paranoia and depression.

62. These calls have consumed her day and have caused a severe disruption to her life, due to their severe frequency.

63. As a direct and proximate result of the aforementioned harassment committed by Defendants, Plaintiff has suffered emotional distress.

## CAUSES OF ACTION

## I.
## FIRST CAUSE OF ACTION
## VIOLATIONS OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
## (CAL. CIV. CODE § 1788.14(c))

64. Plaintiff realleges and incorporates by reference Paragraphs 1 through 63, inclusive, as if fully set forth.

65. When Plaintiff's Counsel sent the Cease and Desist Letter to BOFA on August 14, 2017, and the two (2) subsequent letters, as well as when Plaintiff informed BOFA in August and September of 2017 orally that she had retained Counsel, Defendant BOFA was aware, or reasonably should have been aware, that Plaintiff was represented by an attorney, and that Plaintiff no longer wished to be contacted

regarding this debt.

66. Cal. Civ. Code §1788.14(c) provides in relevant part,

> No debt collector shall collect or attempt to collect a consumer debt by means of the following practices:
>
> > (c) Initiating communications, other than statements of account, with the debtor with regard to the consumer debt, when the debt collector has been previously notified in writing by the debtor's attorney that the debtor is represented by such attorney with respect to the consumer debt and such notice includes the attorney's name and address and a request by such attorney that all communications regarding the consumer debt be addressed to such attorney, unless the attorney fails to answer correspondence, return telephone calls, or discuss the obligation in question. This subdivision shall not apply where prior approval has been obtained from the debtor's attorney, or where the communication is a response in the ordinary course of business to a debtor's inquiry.

67. By calling Plaintiff on her telephone over 200 times after the August 14, 2017 receipt of the Cease and Desist Letter, and the two (2) subsequent letters from Plaintiff's Counsel, as well as Oral Notice in August and September of 2017 by Plaintiff, BOFA violated Cal. Civ. Code §1788.14(c).

68. As a result of the constant collection calls from BOFA, Plaintiff has experienced anxiety, fear and uneasiness, has had difficulty sleeping, shortness of breath, nausea, and has at times been unable to calm down as the constant and harassing collection calls by BOFA are overwheling. Plaintiff is constantly afraid to answer her phone and she cringes when her phone rings.

69. Therefore, as a direct and proximate result of the extreme amount of calls, totaling in excess of 200 collection calls, the Plaintiff has suffered emotional distress.

## II.

## SECOND CAUSE OF ACTION

### NEGLIGENT VIOLATIONS OF THE TCPA

### 47 U.S.C. § 227 ET. SEQ.

70. Plaintiff realleges and incorporates by reference Paragraphs 1 through 69, inclusive, as if fully set forth.

71. On August 14, 2017, and again on November 17, 2017, and even once more on February 2, 2018, Plaintiff revoked BOFA's consent in writing, to call her on her cellular telephone via the use of an ATDS and/or Recorded Voice.  Further, Plaintiff revoked consent to call her cellular telephone through the use of an ATDS and/or Recorded Voice multiple times in August and September of 2017.

72. The foregoing acts and omissions of BOFA constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et. seq.*

73. As a result of BOFA's negligent violations of 47 U.S.C. §227, *et. seq.*, Plaintiff is entitled to an award of $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

74. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A).

## III.

## THIRD CAUSE OF ACTION

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA

### 47 U.S.C. § 227 ET. SEQ.

75. Plaintiff realleges and incorporates by reference Paragraphs 1 through 74, inclusive, as if fully set forth.

76. The foregoing acts and omissions of BOFA constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et. seq.* Plaintiff did not just send one letter, yet rather Plaintiff's Counsel sent three (3) separate Cease and Desist Letters to three (3) separate fax numbers owned by BOFA. Further, Plaintiff informed BOFA representatives on multiple occasions in August and September of 2017 orally to cease calling her as she had retained counsel regarding this alleged debt and thereby revoked any prior consent to call her. Therefore, since BOFA continued to call Plaintiff despite indisputably being informed to not call Plaintiff through four (4) different means, BOFA's acts were willful.

77. As a result of BOFA's knowing and/or willful violations of 47 U.S.C. §227, *et. seq.*, Plaintiff is entitled to an award of $1,500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

78. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A)

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff having set forth the claims for relief against Defendant(s) herein, respectfully request this Court enter a Judgment against Defendant(s) as follows:

a. As to the First Cause of Action, an award of actual damages pursuant to Cal. Civ. Code §1788.30(a) according to proof, including compensatory damages for Plaintiff's emotional distress for the harassing telephone calls;

b. As to the First Cause of Action, an award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code §1788.30(b);

c.  As to the First Cause of Action, an award of reasonable attorney's fees and costs pursuant to Cal. Civ. Code §1788.30(c);

d.  As to the Second Cause of Action, $500 in statutory damages for each and every one of Defendant's negligent violations of 47 U.S.C. §227(b)(1), pursuant to 47 U.S.C. § 227(b)(3)(B), and Injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A);

e.  As to the Third Cause of Action, $1,500.00 in statutory damages for each and every one of Defendant's over 200 knowing and/or willful violations of 47 U.S.C. § 227(b)(3)(C), totaling in excess of $300,000.00, pursuant to 47 U.S.C. §227(b)(1); and

f.  For such other and further relief as the Court may deem just and proper.


Dated: February 21, 2018                 By:      /s/ Ahren A. Tiller_____
                                                 Ahren A. Tiller, Esq.
                                                 Bankruptcy Law Center, APC
                                                 Attorneys for Plaintif

1

## **DEMAND FOR JURY TRIAL**

2

      Pursuant to the Seventh Amendment to the Constitution of the United States of

3

America, Plaintiff is entitled to, and demands, a trial by jury on all issues triable by

4

jury.

5

6

Dated: February 21, 2018        By:    /s/ Ahren A. Tiller_____

                               Ahren A. Tiller, Esq.

7

                               Bankruptcy Law Center, APC

                               Attorneys for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Williams v. BANK OF AMERICA, N.A. , et. al., - Complaint for Damages*